**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

TAMIKA R. MONTGOMERY-REEVES
VICE CHANCELLOR

Leonard L. Williams Justice Center
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

August 22, 2017

Martin S. Lessner, Esquire
James P. Hughes, Esquire
Tammy L. Mercer, Esquire
Richard J. Thomas, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE 19801

Kevin G. Abrams, Esquire
John M. Seaman, Esquire
E. Wade Houston, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Brock E. Czeschin, Esquire
Nicholas R. Rodriguez, Esquire
Anthony M. Calvano, Esquire
Richards Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

RE: *Southpaw Credit Opportunity Master Fund, L.P. v. Roma Restaurant Holdings, Inc. et al.*, C.A. No. 2017-0432-TMR

Dear Counsel:

Plaintiffs move under Court of Chancery Rule 60(b) for relief from this Court's May 30, 2017 order in light of intervening facts since that date. On May 30, 2017, this Court ordered that the properly constituted board of Roma Restaurant Holdings, Inc. ("Roma") included Howard Golden, Bradley Scher, and Stephen K. Judge. The Court did not decide the validity of the Roma 2016 Long

Term Incentive Plan ("LTIP") or the challenged stock grants associated with that plan because Defendants refused to defend the validity of the plan. In the May 30, 2017 order, the Court "retain[ed] jurisdiction to hear any application or claim for attorneys' fees on a schedule to be agreed upon by the parties or ordered by the Court." On July 20, 2017, Roma stockholder Highland Select Equity Fund, L.P. ("Highland"), whose appointees to the Roma board included Defendants, filed a separate action under Section 225 of the DGCL disputing the current membership of the Roma board and presenting the issue of the validity of the LTIP to the Court again (the "Highland Action").

Defendants assert that the May 30, 2017 order was not a final judgment or order and that Rule 60(b) does not apply because the Court retained jurisdiction to hear an application or claim for attorneys' fees. I agree. *See In re Appraisal of Dell Inc.*, 2016 WL 6069017, at *18 (Del. Ch. Oct. 17, 2016) ("The Delaware Supreme Court 'consistently has held that a judgment on the merits is not final until an outstanding related application for an award of attorneys fees has been decided.'" (quoting *Del. Bay Surgical Servs., P.A. v. Swier*, 869 A.2d 327 (Del. 2005) (Table))). Under Court of Chancery Rule 54(b), an order of this Court that does not dispose of all of the claims and the rights and liabilities of all of the

parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Ct. Ch. R. 54(b). A federal court interpreting the nearly identical federal rule stated that "[t]he standard for granting a motion to vacate under Rule 54(b) is less rigid than that under Rule 60(b) . . . ." *Gallant v. Telebrands Corp.*, 35 F. Supp. 2d 378, 394 n.16 (D.N.J. 1998). While orders should not be modified without good cause (*see Washington v. Preferred Commc'n Sys., Inc.*, C.A. No. 10810-VCL (Sept. 10, 2015) (ORDER) (granting a Rule 54(b) motion and noting that good cause existed to modify the order)), the Court is "under no stricture to comply with the requirements of Rule 60(b)" in modifying an interlocutory order. *Farr Man & Co. v. M/V Rozita*, 903 F.2d 871, 875 (1st Cir. 1990).

Highland—whose managing director is Defendant Scott Wilson and whose other appointee to the Roma board is Defendant Kenneth Reimer—now seeks to place Reimer and Wilson on the Roma board in a separate action by relying on the validity of the LTIP. This Court relied on Wilson and Reimer's refusal to defend the LTIP in entering the May 30, 2017 order. Further, determining the validity of the LTIP in this litigation as opposed to the Highland Action will conserve both the parties' and the Court's resources. Thus, the Court vacates the May 30, 2017 order

under Rule 54(b) for good cause.  The parties may stipulate to a trial on a paper

record regarding the validity of the LTIP.

Sincerely,

*/s/ Tamika R. Montgomery-Reeves*

Tamika R. Montgomery-Reeves
Vice Chancellor

TMR/jp